Butler agt. Mason.

## SUPREME COURT.

### BUTLER, JR. agt. MASON & MASON.

It is *irrelevant* to insert an allegation in a complaint that the defendants have not resided at any time in the state, within six years before commencement of the action, for the purpose of anticipating the defence of the statute of limitations, although the complaint would show on its face without such allegation, that the claim was barred by the statute.

Section 74 of the Code says: that "the objection that the action was not commenced within the time limited can only be taken by *answer*."

*New-York Special Term, June 12th,* 1857.

THE complaint in this action demands judgment for debts incurred in 1844 and 1845; and for the purpose of anticipating the defence, that the claims are barred by the statute of limitations, it alleges that the defendants have not resided at any time within six years before the commencement of this action in the state of New-York. The defendants move to have this allegation struck out on the ground of irrelevancy. The plaintiff's counsel insists that it is material; as without it the complaint would show on its face that the claim was barred by the statute.

> GEO. DOUGLASS, *for plaintiff.*
> BOWMAN & GREEN, *for defendants.*

CLERKE, Justice. In maintaining his argument, the plaintiff's counsel overlooks the provision contained in section 74 of the Code, which declares that "the objection that the action was not commenced within the time limited, can only be taken by answer." So that evidently this allegation is unnecessary. Whatever may be the time stated in the complaint when the indebtedness was incurred, the plaintiff has a *prima facie* right to recover, and it is a mere optional privilege on the part of the defendants to interpose the defence allowed by

the statute of limitations. If the defendants failed to answer a complaint showing on its face that the debt was incurred more than six years previous, judgment could be recovered by default, and no error would appear on the record. It is not necessary and, therefore, not relevant to insert the allegation complained of. In pleading, parties must be required to confine themselves to a statement of the mere facts essential to the maintenance of the action or the defence; and if a plaintiff were permitted to incumber his complaint with matters in anticipation of every possible defence which the apparent rights or ingenuity of a defendant may interpose, the record would be incumbered, and issues which may be otherwise avoided, would be introduced into the case. As it is probable that the plaintiff's counsel might have been misled by the decision in *Genet* agt. *Tallmadge*, (1 *C. Rep. N. S.* 346,) I grant this motion without costs.